UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2014 FEB 28 AM 9:38

ROBERT L. TRBOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) Cause No. | |
| | ) | |
| DR. LINDA ROSENBERG | ) | 2:14CR 17 |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by Assistant United States Attorney Diane L. Berkowitz, the defendant, Dr. Linda Rosenberg, and Michael C. Rosenblat defense attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Linda Rosenberg, have the ability to read, write and speak the English language.

2. I have received a copy of the Information and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

    a. If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

    d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

    e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

    f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

    g. In the event that I should be found guilty of the charge(s) against me, I would have the right to appeal my conviction on such charge(s) to a higher court.

6.     I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from my counsel and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7.     Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

   a.   I will plead guilty to the three count information charging me in Count 1 with participating in a conspiracy to receive kickbacks for the referral of Medicaid and Medicare patients to other service providers in violation of Title 18, United States Code, Section 371, Count 2 with knowingly and intentionally dispensing a controlled substance outside the scope of professional practice and legitimate medical purpose in violation of Title 21, United States Code, Section 841(a)(1), and Count 3 with misbranding in violation of Title 21, United States Code Sections 331(k), 333(a)(1), and 353(b)(1) because I am, in fact, guilty of these offenses.

   b.   I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in Count 1 of the information is a term of imprisonment, if any, not to exceed 5 years, a fine not to exceed $250,000.00, or a combination of both imprisonment and a fine; I further understand that the Court could also impose a term of supervised release to follow any term of imprisonment imposed and that the amount of supervised release could be anywhere from 1 year to 3 years; I understand

that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in Count 2 of the information is a term of imprisonment of not more than 10 years, and/or a fine of not more than $500,000.00 . I further I understand that the Court could impose a term of supervised release based on my conviction on Count 2 for anywhere from 1 year to 3 years. On Count 3 I understand the maximum possible penalty that may be imposed on me on this count of the information would be a period of incarceration of no more than 1 year and/or a $1,000 fine. Finally, I am aware that based on the three counts to which I am pleading guilty I will be required to pay a total $225 special assessment which is due and payable prior to my sentencing hearing.

c. The United States of America and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

   i. In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two level reduction in offense level; the United States of America and I further agree that I have assisted authorities in the investigation of my own misconduct by timely notifying the United States of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level; however, the government's obligation to recommend acceptance of responsibility is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement in the offenses, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility ; I further understand that the court is not bound by this recommendation and that the court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

   ii. The government agrees to recommend to the court that I receive a sentence at the low end of the advisory guideline range, said guideline range to be determined by the Court.

d. As part of this agreement, I agree to cooperate fully, truthfully, and

4

candidly with the United States Attorney or his designated representatives as to my knowledge of or involvement in, any violation of federal or state law; I understand that the nature of my cooperation herein shall be defined by the United States Attorney; this cooperation may include, but not be limited to, my agreement, if requested to do so, to discuss fully, truthfully and candidly my knowledge of all criminal activities with representatives of the United States Attorney including designated law enforcement agencies, and to testify truthfully and completely before any grand jury and at any hearings, trials or other judicial proceedings. I understand that at the time of my sentencing the United States Attorney will advise the Court of the nature, extent and value of my cooperation. I further understand that the United States Attorney may seek to defer my sentencing until such time as my cooperation is complete.

e. Provided I fulfill the terms of this agreement, and do not perform any act or engage in conduct that is inconsistent with my agreement to cooperate or with my acceptance of responsibility for my conduct, the government agrees to file a recommendation for a downward departure from the sentencing guideline range at sentencing; the government has made no promises to me as to what its recommendation will be; I further understand that the decision regarding whether to grant a departure, or the extent of any departure lies within the discretion of the Court, and that this agreement does not constitute a promise that the judge will grant a departure, or that the judge will impose any particular sentence.

f. I agree to forfeit to the United States the following property: Account number ***8415 at PIA, held in the name of Dr. Linda Rosenberg 401(k) P/S Plan. I acknowledge that all property covered by this agreement is subject to forfeiture as proceeds derived from or traceable to the offense of prescribing narcotics without legitimate medical purpose as outlined in Count 2 of the information or substitute assets for unaccounted for proceeds. I further consent to the entry of orders of forfeiture pursuant to Federal Rules of Criminal Procedure 32.2

g. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of

       ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255; and

    h.    I also agree to waive all rights, as they pertain to this criminal matter, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974; The United States and I agree, however, that this waiver does not apply to any civil matter presently pending in federal court.

8.    I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the offenses charged in Counts 1, 2 and 3 of the Information, to which I have agreed to plead guilty.

9.    I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) The United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10.    I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11.    I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I

been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

                                            S/Dr. Linda Rosenberg
                                            Dr. Linda Rosenberg
                                            Defendant


                                            S/Michael C. Rosenblat
                                            Michael C. Rosenblat
                                            Attorney for Defendant

APPROVED:
     DAVID CAPP,
     United States Attorney


By:    S/Diane L. Berkowitz
        Diane L. Berkowitz
        Assistant United States Attorney